UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRIE SMALLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2974 |
| | § | |
| HAQ HOLDING CO., D/B/A DENNY'S #7804, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Plaintiff Sherrie Smalley has brought the instant Fair Labor Standards Act suit against Haq Holding Company, d/b/a Denny's #7804, and Debi Haq, the president of Haq Holding Company.[1] Now pending before the court is Defendants' Partial Motion to Dismiss, Motion for Summary Judgment, and Motion to Stay Discovery. (Doc. No. 29.) In its reply brief, Defendants informed the Court that, because of Plaintiff's late-discovered evidence, they have withdrawn the Motion for Summary Judgment, as well as the Motion to Stay Discovery related to claims against Haq Holding Company. (Doc. No. 37.) Accordingly, the only live issues before the Court are Defendants' Motion to Dismiss and Motion to Stay Plaintiff's claims against Debi Haq, the president of Haq Holding Company. For the reasons laid out in this order, Plaintiff's claims against Debi Haq are **DISMISSED WITH PREJUDICE**. The claims against Haq Holding Company survive.

## I. BACKGROUND[2]

Plaintiff Sherrie Smalley was an employee of Denny's #7804, a restaurant in Pasadena,

---

[1] While the live complaint spells Ms. Haq's first name "Debbie," the Court will follow her counsel's practice and use the spelling "Debi."
[2] For the purposes of a motion to dismiss, the Court takes Relator's factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

1

Texas, from August 12, 2012 through August 10, 2013. For the first three months of her employment, she worked as a waitress at a rate of $2.13 per hour. For the remainder of her employment, she worked as a manager at a rate of $8.00 per hour. Plaintiff alleges that she typically worked 65 hours per week, but was paid for 40 hours only. The restaurant managers, Ashley LNU[3] and Brian Scott, changed her time entries to reflect that she had worked fewer hours than she actually worked. During weeks when a relief manager was present, however, Plaintiff was paid overtime in accordance with her time records.

Plaintiff complained to three levels of management about the problems with her pay. She told the District Manager, "Johnson," who told her to speak with Ms. LNU and Mr. Scott. Ms. LNU and Mr. Scott told her the restaurant did not pay for overtime. Plaintiff also complained to Defendant Debi Haq, the president of the company. Ms. Haq told Plaintiff that she needed to provide evidence of the erroneous pay.

Plaintiff filed the instant lawsuit seeking minimum wage and overtime payments in October 2013. (Doc. No. 1.) Defendants moved for judgment on the pleadings in July 2014, after the pleading deadline had passed. (Doc. No. 17.) A week later, Plaintiff moved for leave to file an amended complaint to supplement her allegations against her former employer. (Doc. No. 23.) At a hearing, the Court granted Plaintiff's motion for leave to amend, and Plaintiff filed her Second Amended Complaint adding Debi Haq as a Defendant two weeks later. (Doc. No. 28.) Defendant now moves to dismiss the claims against Ms. Haq as insufficiently pleaded. (Doc. No. 29.)

II.  **LEGAL STANDARD**

A court may dismiss a complaint for a "failure to state a claim upon which relief can be

---

[3] Last Name Unknown.

granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id.* at 678. Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

### III. ANALYSIS

The Fair Labor Standards Act (FLSA) makes employers liable for failure to pay the statutory minimum wage and time-and-a-half for overtime to nonexempt workers. *See* 29 U.S.C. §§ 206(a), 207(a). An "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. 203(d). The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship. *See Williams v. Henegan*, 595 F.3d 610, 620 (5th Cir. 2010). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams*, 595 F.3d at 620.

Here, Plaintiff attempts to allege that Debi Haq satisfies the economic reality test with regard to Plaintiff, and thus that she qualifies as an "employer" for the purposes of FLSA liability. Plaintiff's primary allegations of employer status are contained in paragraphs 4 and 5 of the complaint, which merely restate the statutory formulation of "employer" and the elements of the Fifth Circuit's economic reality test. *See* Pl.'s 2d Am. Compl., Doc. No. 1 at ¶¶ 4-5. In addition, Plaintiff reports that she once complained to Ms. Haq about the restaurant's alleged failure to pay overtime, and that Ms. Haq asked her to provide evidence of her hours worked. *Id.* at ¶ 17.

Plaintiff contends that this is sufficient to meet her pleading burden because Ms. Haq's job title—president of Haq Holding Company—implies some operational control over the restaurant. *See Miller v. Colorcraft Printing Co., Inc.*, No. 3:03 CV 51-T, 2003 WL 22717592, at *4 (W.D.N.C. Oct. 16, 2013). While this may be the rule in other circuits, the Fifth Circuit has clearly rejected a rule that alleging a job title is sufficient to plead employer status. *See Gray v. Powers*, 673 F.3d 352, 355-56 (5th Cir. 2012); *see also Oti v. Green Oaks SCC, LLC*, No. 4:13-cv-816-A, 2014 WL 572486 (N.D. Tex. Feb. 13, 2014) (dismissing FLSA claims against a putative employer where complaint contained no factual allegations to support any prong of the economic reality test).

The allegation that Plaintiff reported the failure to pay overtime to Ms. Haq is also not enough to establish Ms. Haq's employer status. That allegation does not support an inference that Ms. Haq possessed the power to hire and fire, that she supervised and controlled work schedules, that she determined the rate and method of payment, or that she maintained employment records.

If anything, it suggests that Ms. Haq actually did not maintain employment records, as she asked Ms. Smalley for evidence of hours worked rather than consulting the records herself. Because Plaintiff alleges no facts to support an inference that Ms. Haq was, in economic reality, her employer, Plaintiff's claims against Ms. Haq must fail.

Plaintiff has previously been admonished by this Court on the record at a hearing for the use of form pleadings that simply recite elements of the statute. Nonetheless, Plaintiff and her counsel have again filed a pleading that purports to state a claim against a defendant by summarizing the statute and case law. This is not enough. For the foregoing reasons, Defendants' Motion to Dismiss, Motion for Summary Judgment and Motion to Stay is **GRANTED in part and DENIED in part**. Plaintiff's FLSA claims against Ms. Haq are hereby **DISMISSED WITH PREJUDICE**. The claims against Haq Holding Company survive.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 2nd day of December, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE